O

THOMAS P. O'BRIEN
United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
STEPHANIE S. CHRISTENSEN
Assistant United States Attorney
California Bar Number: 236653
    14th Floor United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-3756
    Facsimile: (213) 894-0142
    E-mail:   Stephanie.Christensen@usdoj.gov
Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR 93-661-CAS |
| ) | |
| Plaintiff, ) | **[PROPOSED] FINDINGS OF FACT AND** |
| ) | **CONCLUSIONS OF LAW RE: TREATMENT** |
| v. ) | **OF DEFENDANT RICHARD MOORE** |
| ) | |
| RICHARD MOORE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

On May 19, 2008, the Court held a hearing to determine whether defendant Richard Moore should be ordered to take antipsychotic/psychotropic medication. Defendant appeared with his counsel of record. Also present was counsel for United States, and a representative from the United States Probation Office.

The Court, after carefully considering the files and records of this case, the parties' arguments, as well as defendant's demeanor, orally granted the request for court-ordered medication. This Order supplements the Court's oral ruling. In

connection with this Order, the Court makes the following Findings of Fact and Conclusions of Law.

**FINDINGS OF FACT**

1. On May 3, 1995, after having pleaded guilty to violations of 21 U.S.C. § 841(a)(1): Distribution of cocaine base (Count 1); 21 U.S.C. § 841(a)(1): Distribution of cocaine base (Counts 3 and 5), 21 U.S.C. § 841(a)(1): Manufacture of cocaine base (Counts 2 and 4); and, 18 U.S.C. § 922(g)(1), 924(d)(1), 924 (e)(1): Felon with three prior violent convictions in possession of firearms, forfeiture of firearms (Count 6), defendant was sentenced by the Honorable John G. Davies, United States District Judge, to a term of imprisonment of 180 months on each of Counts 1, 2, 3, 4, 5 and 6, to be served concurrently. Defendant was also sentenced to a five-year term of supervised release to begin upon his release from confinement, and a special assessment of $300. At sentencing, the court ordered that defendant was subject to certain terms and conditions of supervised release.

2. In August 2006, defendant was transferred by the U.S. Bureau of Prisons to Marvin Gardens Residential Reentry Center to assist defendant in his reentry back into the community. Defendant's behavior coupled with his refusal to take prescribed antipsychotic medication resulted in a transfer back to prison the next month.

3. Defendant was released from custody on December 14, 2006. His term of supervised release began the same day.

4. Shortly after defendant's release, the U.S. Probation Office informed the court by petition that defendant refused to report to, or cooperate with, the Probation Office. Based upon that

1 petition, on February 8, 2007, the court issued a warrant for
2 defendant's arrest.
3 5.   On February 14, 2007, defendant made his initial appearance
4 following his arrest.
5 6.   On February 15, 2007, U.S. Magistrate Judge Jennifer T. Lum
6 ordered that defendant be provided with a
7 psychiatric/psychological examination to determine his competency
8 to proceed with his supervised release revocation preliminary
9 hearing.
10 7.   On March 30, 2007, having reviewed the competency evaluation
11 of defendant performed by the Metropolitan Detention Center Los
12 Angeles ("MDCLA") and heard the arguments of counsel on February
13 15, 2007, and March 26, 2007, U.S. Magistrate Judge Jennifer T.
14 Lum found by a preponderance of the evidence that defendant was
15 suffering from a mental disease or defect rendering him unable to
16 understand the nature and consequences of the proceedings against
17 him and to assist properly in his defense.  Consistent with 18
18 U.S.C. § 4241(d), the court ordered defendant committed to the
19 custody of the Attorney General for treatment in a suitable
20 facility in an effort to render defendant able to proceed.
21 8.   On October 1, 2007, having previously waived preliminary
22 hearing, defendant appeared before this Court for a hearing to
23 determine whether his supervised release should be revoked.  The
24 Court found by a preponderance of the evidence that defendant had
25 violated the terms of his supervised release by refusing to
26 report to, or cooperate with, the Probation Office.  This Court
27 granted the government's oral motion, pursuant to 18 U.S.C.
28 § 4244, for defendant to undergo a psychological evaluation to

determine whether the Court should order defendant to take prescribed antipsychotic medications.

9. On April 20, 2008, MDCLA issued a Forensic Evaluation Report which included, among others, the following facts and medical opinions:

    a. Defendant suffers from Schizophrenia, Paranoid Type, In Partial Remission, in a Controlled Environment.

    b. Defendant has a long history of mental illness having first been diagnosed with Schizophrenia in 1979.

    c. Defendant should receive antipsychotic medication treatment in order to improve his condition or prevent further deterioration of his mental status.

    d. Defendant has previously responded well to psychiatric medication intervention. For example, in 1999, following a due process hearing, defendant was involuntarily medicated with Haldol, which produced positive results within 30 days, putting defendant's symptoms in remission and allowing him to undergo counseling therapy.

    e. In December 2006, upon his release from custody, defendant cursed and threw a duffel bag at his Probation Officer when the officer attempted to make initial contact.

    f. Defendant has a history of violent behavior, significant substance abuse and gang involvement, which factors, among others, indicate that defendant would represent at least a moderate risk of harm to others or property if placed in the community without taking his medication.

    g. Should the Court decide to release defendant to the community under supervised release, it is recommended that he

4

spend at least six months at a facility, such as Gateways Community Corrections Center.

10. This Court accepts the above facts and medical opinions from MDCLA's April 20, 2008 Forensic Evaluation Report, which are not contested, as true.

11. The U.S. Probation Office has represented that Gateways Residential Reentry Center, formerly known as Gateways Community Corrections Center, will not accept defendant until he has taken antipsychotic medication for a period of at least 60 days.

12. Administration of medication treatment is in defendant's best medical interest in light of his medical condition.

13. The government has important interests in ensuring that defendant is not a danger to others while incarcerated, that he is fit for supervised release, and that he complies with the terms and conditions of his supervised release.

14. Any Conclusions of Law that also constitute Findings of Fact are hereby incorporated into these Findings of Fact.

### **CONCLUSIONS OF LAW**

1. In limited circumstances, a court can order a defendant to take antipsychotic medication while incarcerated or as a condition of supervised release. <u>United States v. Harper</u>, 494 U.S. 210, 227 (1990); <u>United States v. Williams</u>, 356 F.3d 1045, 1052-57 (9th Cir. 2004).

2. In this case, based on the medical recommendation, the nature and circumstances of the offense, and the history and characteristics of the defendant, court-ordered medication is necessary to protect the public from further crimes of the defendant and to provide the defendant with needed medical care

and correctional treatment in the most effective manner.

3.   Court-ordered medication involves no greater deprivation of liberty than is reasonably necessary under the circumstances.  18 U.S.C. § 3583(d)(2).

4.   Any Findings of Fact that also constitute Conclusions of Law are hereby incorporated into these Conclusions of Law.

**ORDER**

Based on the foregoing, the defendant is hereby ORDERED to take all prescribed antipsychotic/psychotropic medications while in the custody of the U.S. Bureau of Prisons.

On or before June 23, 2008, the government, following consultation with the U.S. Bureau of Prisons, shall report to the Court regarding the status of defendant's compliance with this Order.

The parties shall attend a status conference on June 30, 2008, at 1:30 p.m., or other date as set by the Court.

IT IS SO ORDERED.

DATED: May 27, 2008

_____
HONORABLE CHRISTINA A. SNYDER
United States District Judge

Respectfully submitted by:

_____/s/_____
STEPHANIE S. CHRISTENSEN
Assistant United States Attorney

cc:   Counsel
      U.S. Probation