1 | THOMAS P. O'BRIEN
United States Attorney
2 | CHRISTINE C. EWELL
Assistant United States Attorney
3 | Chief, Criminal Division
STEPHANIE S. CHRISTENSEN
4 | Assistant United States Attorney
California Bar Number: 236653
5 |     14th Floor United States Courthouse
    312 North Spring Street
6 |     Los Angeles, California 90012
    Telephone: (213) 894-3756
7 |     Facsimile: (213) 894-0142
    E-mail:    Stephanie.Christensen@usdoj.gov
8 | Attorneys for Plaintiff
United States of America
9 |

10 |                   UNITED STATES DISTRICT COURT

11 |          FOR THE CENTRAL DISTRICT OF CALIFORNIA

12 | UNITED STATES OF AMERICA,       ) No. CR 93-661-CAS
                                 )
13 |           Plaintiff,          ) **FINDINGS OF FACT AND**
                                 ) **CONCLUSIONS OF LAW RE:**
14 |           v.                  ) **HOSPITALIZATION OF DEFENDANT**
                                 ) **RICHARD MOORE PURSUANT TO 18**
15 | RICHARD MOORE,                 ) **U.S.C. § 4244(d)**
                                 )
16 |           Defendant.          )
                                 )
17 |                                )
                                 )

18 |

19 |     On June 30, 2008, the Court held a hearing pursuant to 18

20 | U.S.C. § 4244(c).  Defendant appeared with his counsel of record.

21 | Also present was counsel for United States, a representative from

22 | the United States Probation Office, and a psychologist from the

23 | Federal Bureau of Prisons.

24 |     After carefully considering the files and records of this

25 | case, the parties' arguments, as well as defendant's demeanor,

26 | the Court orally granted the government's motion under 18 U.S.C.

27 | § 4244 and ordered that defendant be committed to the custody of

28 | the Attorney General in order that defendant may be hospitalized

1   for care and treatment at a suitable facility.  This Order

2   supplements the Court's oral ruling.  In connection with this

3   Order, the Court makes the following Findings of Fact and

4   Conclusions of Law.

5                           **FINDINGS OF FACT**

6   1.   On May 3, 1995, after having pleaded guilty to violations of

7   21 U.S.C. § 841(a)(1): Distribution of cocaine base (Count 1); 21

8   U.S.C. § 841(a)(1): Distribution of cocaine base (Counts 3 and

9   5), 21 U.S.C. § 841(a)(1): Manufacture of cocaine base (Counts 2

10  and 4); and, 18 U.S.C. § 922(g)(1), 924(d)(1), 924 (e)(1): Felon

11  with three prior violent convictions in possession of firearms,

12  forfeiture of firearms (Count 6), defendant was sentenced by the

13  Honorable John G. Davies, United States District Judge, to a term

14  of imprisonment of 180 months on each of Counts 1, 2, 3, 4, 5 and

15  6, to be served concurrently.  Defendant was also sentenced to a

16  five-year term of supervised release to begin upon his release

17  from confinement, and a special assessment of $300.  At

18  sentencing, the court ordered that defendant was subject to

19  certain terms and conditions of supervised release.

20  2.   In August 2006, defendant was transferred by the U.S. Bureau

21  of Prisons to Marvin Gardens Residential Reentry Center to assist

22  defendant in his reentry back into the community.  Defendant's

23  behavior coupled with his refusal to take prescribed

24  antipsychotic medication resulted in a transfer back to prison

25  the next month.

26  3.   Defendant was released from custody on December 14, 2006.

27  His term of supervised release began the same day.

28  4.   Shortly after defendant's release, the U.S. Probation Office

1 | informed the court by petition that defendant refused to report

2 | to, or cooperate with, the Probation Office.  Based upon that

3 | petition, on February 8, 2007, the court issued a warrant for

4 | defendant's arrest.

5 | 5.   On February 14, 2007, defendant made his initial appearance

6 | following his arrest.

7 | 6.   On February 15, 2007, U.S. Magistrate Judge Jennifer T. Lum

8 | ordered that defendant be provided with a

9 | psychiatric/psychological examination to determine his competency

10 | to proceed with his supervised release revocation preliminary

11 | hearing.

12 | 7.   On March 30, 2007, having reviewed the competency evaluation

13 | of defendant performed by the Metropolitan Detention Center Los

14 | Angeles ("MDCLA") and heard the arguments of counsel on February

15 | 15, 2007, and March 26, 2007, U.S. Magistrate Judge Jennifer T.

16 | Lum found by a preponderance of the evidence that defendant was

17 | suffering from a mental disease or defect rendering him unable to

18 | understand the nature and consequences of the proceedings against

19 | him and to assist properly in his defense.  Consistent with 18

20 | U.S.C. § 4241(d), the court ordered defendant committed to the

21 | custody of the Attorney General for treatment in a suitable

22 | facility in an effort to render defendant able to proceed.

23 | 8.   On October 1, 2007, having previously waived preliminary

24 | hearing, defendant appeared before this Court for a hearing to

25 | determine whether his supervised release should be revoked.  The

26 | Court found by a preponderance of the evidence that defendant had

27 | violated the terms of his supervised release by refusing to

28 | report to, or cooperate with, the Probation Office.  This Court

1  granted the government's oral motion, pursuant to 18 U.S.C.

2  § 4244, and ordered a psychiatric/psychological evaluation of

3  defendant.

4  9.    On April 20, 2008, MDCLA issued a Forensic Evaluation Report

5  pursuant to 18 U.S.C. § 4244 which included, among others, the

6  following facts and medical opinions:

7       a.    Defendant suffers from Schizophrenia, Paranoid Type, In

8  Partial Remission, in a Controlled Environment.

9       b.    Defendant has a long history of mental illness having

10  first been diagnosed with Schizophrenia in 1979.

11      c.    Defendant should receive antipsychotic medication

12  treatment in order to improve his condition or prevent further

13  deterioration of his mental status.

14      d.    Defendant has previously responded well to psychiatric

15  medication intervention.  For example, in 1999, following a due

16  process hearing, defendant was involuntarily medicated with

17  Haldol, which produced positive results within 30 days, putting

18  defendant's symptoms in remission and allowing him to undergo

19  counseling therapy.

20      e.    In December 2006, upon his release from custody,

21  defendant cursed and threw a duffel bag at his Probation Officer

22  when the officer attempted to make initial contact.

23      f.    Defendant appears to respond will to a structured

24  environment and in all likelihood, when removed from a structured

25  environment, his symptoms will increase.

26      g.    Defendant has a history of violent behavior,

27  significant substance abuse and gang involvement, which factors,

28  among others, indicate that defendant would represent at least a

1  moderate risk of harm to others or property if placed in the

2  community without taking his medication.

3         h.    Should the Court decide to release defendant to the

4  community under supervised release, it is recommended that he

5  spend at least six months at a facility, such as Gateways

6  Community Corrections Center.  However, the U.S. Probation Office

7  has represented that Gateways Residential Reentry Center,

8  formerly known as Gateways Community Corrections Center, will not

9  accept defendant until he has taken antipsychotic medication for

10  a period of at least 60 days.

11  10.   On May 19, 2008, the Court held an initial hearing.  At that

12  hearing the Court explained to defendant that if he took all

13  antipsychotic medication prescribed by his doctor(s), he would be

14  released to a residential re-entry center 60 days after his

15  medication compliance began.  The Court then ordered defendant to

16  take all prescribed antipsychotic/psychotropic medications while

17  in the custody of the U.S. Bureau of Prisons and ordered a

18  further status conference for June 30, 2008.

19  11.   On May 27, 2008, the Court supplemented its oral

20  pronouncement with a written order.

21  12.   On June 23, 2008, the government submitted a status report

22  informing the Court that defendant had refused to be examined by

23  an MDCLA psychiatrist and therefore no medications could be

24  prescribed.

25  13.   On June 26, 2008, the United States Probation Office

26  submitted a further status report recommending that the Court

27  make findings pursuant to 18 U.S.C. § 4244(d), and in lieu of

28  imprisonment, commit defendant to the custody of the Attorney

1 | General for hospitalization and treatment.

2 | 14.  Defendant has been afforded all applicable rights set forth

3 | in 18 U.S.C. § 4247(d).

4 | 15.  A preponderance of the evidence shows that defendant is

5 | presently suffering from a mental disease or defect and that he

6 | should, in lieu of being sentenced to imprisonment, be committed

7 | to a suitable facility for care and treatment.

8 | 16.  Any Conclusions of Law that also constitute Findings of Fact

9 | are hereby incorporated into these Findings of Fact.

10 | **CONCLUSIONS OF LAW**

11 | 17.  In limited circumstances, a court can order that a convicted

12 | defendant be committed to a suitable facility for mental health

13 | treatment in lieu of imprisonment.  18 U.S.C. § 4244(d).  Such a

14 | commitment constitutes a provisional sentence of imprisonment to

15 | the maximum term authorized by law for the offense for which the

16 | defendant was found guilty.  Id.

17 | 18.  Any Findings of Fact that also constitute Conclusions of Law

18 | are hereby incorporated into these Conclusions of Law.

19 | **ORDER**

20 | Based on the foregoing, the defendant is hereby ORDERED

21 | committed to the custody of the Attorney General pursuant to 18

22 | U.S.C. § 4244(d).  The Attorney General shall hospitalize the

23 | defendant for care or treatment in a suitable facility.  This

24 | commitment constitutes a provisional sentence of imprisonment to

25 | the maximum term authorized by law for the offense for which the

26 | defendant was found guilty.  In this case the maximum statutory

27 | term authorized by law for the offenses committed by defendant is

28 | 10 years.

1    Pursuant to 18 U.S.C. § 4244(e), when the director of the

2 facility in which defendant is hospitalized determines that the

3 defendant has recovered from his mental disease or defect to such

4 an extent that he is no longer in need of custody for care or

5 treatment in such a facility, the directly shall promptly file a

6 certificate to that effect with this Court.

7    A further status conference will be held on January 12, 2009

8 at 1:30 pm.  Defendant's presence is not required at that status

9 conference.

10

11    IT IS SO ORDERED.

12

13 DATED: July 14, 2008          _____

                               HONORABLE CHRISTINA A. SNYDER
14                              United States District Judge

15

16 Respectfully submitted by:

17 _____/s/_____
   STEPHANIE S. CHRISTENSEN
18 Assistant United States Attorney

19

20

21

22

23

24

25

26

27

28