O

THOMAS P. O'BRIEN
United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
STEPHANIE S. CHRISTENSEN (California Bar Number: 236653)
Assistant United States Attorney
OCDETF Section
     14th Floor United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-3756
     Facsimile: (213) 894-0142
     E-mail:    Stephanie.Christensen@usdoj.gov
Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) No. CR 93-661-CAS |
| | ) |
| Plaintiff, | ) **[PROPOSED] SUPERVISED RELEASE** |
| | ) **REVOCATION & JUDGMENT ORDER** |
| v. | ) |
| | ) |
| RICHARD MOORE, | ) |
| | ) |
| Defendant. | ) |
| | ) |

On June 23, 2009, this matter came before the Court for final sentencing on supervised released revocation pursuant to Title 18, United States Code, Section 4244(e).  Defendant Richard Moore ("defendant") appeared with his counsel of record, Anthony P. Brooklier.  Also present were counsel for United States, Assistant United States Attorney Stephanie S. Christensen, and a representative from the United States Probation Office, Curtis Samson.

**FINDINGS OF FACT**

The Court hereby finds the following:

1. On May 3, 1995, after having pleaded guilty to violations of 21 U.S.C. § 841(a)(1): Distribution of cocaine base (Count 1); 21 U.S.C. § 841(a)(1): Distribution of cocaine base (Counts 3 and 5), 21 U.S.C. § 841(a)(1): Manufacture of cocaine base (Counts 2 and 4); and, 18 U.S.C. § 922(g)(1), 924(d)(1), 924(e)(1): Felon with three prior violent convictions in possession of firearms, forfeiture of firearms (Count 6), defendant was sentenced by the Honorable John G. Davies, United States District Judge, to a term of imprisonment of 180 months on each of Counts 1, 2, 3, 4, 5 and 6, to be served concurrently. Defendant was also sentenced to a five-year term of supervised release to begin upon his release from confinement, and a special assessment of $300. At sentencing, the court ordered that defendant was subject to certain terms and conditions of supervised release.

2. During his period of imprisonment, in August 2006, the U.S. Bureau of Prisons transferred defendant to Marvin Gardens Residential Reentry Center to assist defendant in his reentry back into the community. Defendant's behavior coupled with his refusal to take prescribed antipsychotic medication resulted in a transfer back to prison the next month.

3. Defendant was released from custody on December 14, 2006. His term of supervised release began the same day.

4. Shortly after defendant's release, the U.S. Probation Office informed the court by petition that defendant refused to report to, or cooperate with, the Probation Office. Based upon that petition, on February 8, 2007, the court issued a warrant

for defendant's arrest.

    5.   On February 14, 2007, defendant made his initial appearance following his arrest.

    6.   On February 15, 2007, U.S. Magistrate Judge Jennifer T. Lum ordered that defendant be provided with a psychiatric/psychological examination to determine his competency to proceed with his supervised release revocation preliminary hearing.

    7.   On March 30, 2007, having reviewed the competency evaluation of defendant performed by the Metropolitan Detention Center Los Angeles ("MDCLA") and heard the arguments of counsel on February 15, 2007, and March 26, 2007, U.S. Magistrate Judge Jennifer T. Lum found by a preponderance of the evidence that defendant was suffering from a mental disease or defect rendering him unable to understand the nature and consequences of the proceedings against him and to assist properly in his defense. Consistent with 18 U.S.C. § 4241(d), the court ordered defendant committed to the custody of the Attorney General for treatment in a suitable facility in an effort to render defendant able to proceed.

    8.   On October 1, 2007, having previously waived preliminary hearing, defendant appeared before this Court for a hearing to determine whether his supervised release should be revoked. The Court found by a preponderance of the evidence that defendant had violated the terms of his supervised release by refusing to report to, or cooperate with, the Probation Office. This Court granted the government's oral motion, pursuant to 18 U.S.C. § 4244, and ordered a psychiatric/psychological evaluation

of defendant.

9.   On April 20, 2008, MDCLA issued a Forensic Evaluation Report pursuant to 18 U.S.C. § 4244 which included, among others, the following facts and medical opinions:

    a.   Defendant suffers from Schizophrenia, Paranoid Type, In Partial Remission, in a Controlled Environment.

    b.   Defendant has a long history of mental illness having first been diagnosed with Schizophrenia in 1979.

    c.   Defendant should receive antipsychotic medication treatment in order to improve his condition or prevent further deterioration of his mental status.

    d.   Defendant has previously responded well to psychiatric medication intervention.  For example, in 1999, following a due process hearing, defendant was involuntarily medicated with Haldol, which produced positive results within 30 days, putting defendant's symptoms in remission and allowing him to undergo counseling therapy.

    e.   In December 2006, upon his release from custody, defendant cursed and threw a duffel bag at his Probation Officer when the officer attempted to make initial contact.

    f.   Defendant appears to respond well to a structured environment and in all likelihood, when removed from a structured environment, his symptoms will increase.

    g.   Defendant has a history of violent behavior, significant substance abuse and gang involvement, which factors, among others, indicate that defendant would represent at least a moderate risk of harm to others or property if placed in the community without taking his medication.

10. After hearings on May 19, 2008 and June 30, 2008, the Court found that defendant was suffering from a mental disease or defect and that he should, in lieu of being sentenced to imprisonment based on his supervised release violations, be committed to a suitable facility for care and treatment. Pursuant to 18 U.S.C. § 4244(d), the Court ordered defendant committed to the custody of the Attorney General for care and treatment in a suitable facility.

11. On January 30, 2009, pursuant to 18 U.S.C. §4244(e), the Court received notification from the federal medical center treating defendant, stating that defendant was no longer in need of hospitalization for care or treatment of his mental condition. The psychological evaluation accompanying the notification advised that defendant "will continue to show adequate psychiatric stability as long as he remains compliant with his medication regimen and abstains from drugs and alcohol. It will be extremely important for the defendant to continue taking his prescribed medications in order to follow the conditions of any supervised release."

12. Based on the foregoing as well as all of the files and records in this case, including the medical reports submitted to this Court, the Court finds that defendant is in need of mandatory psychotropic/antipsychotic medication as a condition of supervised release. The Court further finds that such a condition involves no greater deprivation of liberty than is reasonably necessary to ensure adequate deterrence to criminal conduct, protect the public from future crimes of defendant, and to provide defendant with needed medical care in the most

effective manner.  Defendant has had an opportunity to challenge all medical evidence submitted in this case but has not done so. Defendant has posed no objection to a mandatory medication condition of supervised released.

**JUDGMENT**

IT IS THE JUDGMENT OF THE COURT that defendant's supervised release is hereby revoked.  The Court sentences defendant to time served, with a release date from custody of July 1, 2009. Supervised released is reinstated for a term of 30 months under the terms and conditions previously imposed, with additional conditions as follows:

1.   Defendant is to submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed six tests per month, as directed by the Probation Officer pursuant to 18 U.S.C. § 3583(d);

2.   Defendant is to take all medications prescribed by his psychiatrist including psychotropic/antipsychotic medications and medications administered by intramuscular injection;

3.   Defendant is to reside at, and participate in, a residential reentry center (RRC) program for a period of up to one year in the pre-release component, with discharge by the program director with the approval of the Probation Officer.  The subsistence fee is waived; and

///
///
///
///
///

4. Defendant is to be released from custody on July 1, 2009, to the United States Probation Officer for transport to the Gateways RRC.

DATED: July 1, 2009

_/s/ Christina A. Snyder_
HONORABLE CHRISTINA A. SNYDER
United States District Judge

Jointly submitted by:

_____/s/_____
STEPHANIE S. CHRISTENSEN
Assistant United States Attorney

_____/s/_____
Anthony P. Brooklier
Attorney for defendant Richard Moore