ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEPHANIE S. CHRISTENSEN (Cal. State Bar No.: 236653)
Assistant United States Attorney
Cyber and Intellectual Property Crimes Section
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-3756
    Facsimile: (213) 894-8601
    E-mail: stephanie.christensen@usdoj.gov
Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) No. CR 93-661-CAS |
|---|---|
| Plaintiff, | ) **[PROPOSED] FINDINGS OF FACT AND ORDER RE: HOSPITALIZATION OF DEFENDANT RICHARD MOORE PURSUANT TO 18 U.S.C. § 4241(d)** |
| v. | |
| RICHARD MOORE, | |
| Defendant. | |

On January 3, 2011, the Court held a hearing pursuant to 18 U.S.C. § 4241(c). Defendant appeared with his counsel of record. Also present was counsel for United States, and a representative from the United States Probation Office.

After carefully considering the files and records of this case, the parties' arguments, as well as defendant's demeanor, the Court orally granted the government's previously made motion under 18 U.S.C. § 4241(. This Order supplements the Court's oral ruling. In connection with this Order, the Court makes the following Findings of Fact.

**FINDINGS OF FACT**

1. On May 3, 1995, after having pleaded guilty to violations of 21 U.S.C. § 841(a)(1): Distribution of cocaine base (Count 1); 21 U.S.C. § 841(a)(1): Distribution of cocaine base (Counts 3 and 5), 21 U.S.C. § 841(a)(1): Manufacture of cocaine base (Counts 2 and 4); and, 18 U.S.C. § 922(g)(1), 924(d)(1), 924(e)(1): Felon with three prior violent convictions in possession of firearms, forfeiture of firearms (Count 6), defendant was sentenced by the Honorable John G. Davies, United States District Judge, to a term of imprisonment of 180 months on each of Counts 1, 2, 3, 4, 5 and 6, to be served concurrently. Defendant was also sentenced to a five-year term of supervised release to begin upon his release from confinement, and a special assessment of $300. At sentencing, the court ordered that defendant was subject to certain terms and conditions of supervised release.

2. In August 2006, defendant was transferred by the U.S. Bureau of Prisons to Marvin Gardens Residential Reentry Center to assist defendant in his reentry back into the community. Defendant's behavior coupled with his refusal to take prescribed antipsychotic medication resulted in a transfer back to prison the next month.

3. Defendant was released from custody on December 14, 2006. His term of supervised release began the same day.

4. Shortly after defendant's release, the U.S. Probation Office informed the Court by petition that defendant refused to report to, or cooperate with, the Probation Office. Based upon that petition, on February 8, 2007, the court issued a warrant for defendant's arrest.

5.  On March 30, 2007, following a mental evaluation, defendant was found incompetent to participate in the proceedings and was remanded to the custody of the Attorney General.

6.  Defendant was restored to competency and on October 1, 2007, the Court found by a preponderance of the evidence that defendant had violated the terms of his supervised release.  The Court also ordered a further psychological evaluation pursuant to 18 U.S.C. § 4244.

7.  On May 27, 2008, having received and reviewed the additional psychological evaluation report, the Court ordered defendant to take all antipsychotic/psychotropic medications prescribed to him while in custody.

8.  On July 14, 2008, the Court, upon a finding that defendant was suffering from a mental disease or defect sentenced defendant, in lieu of imprisonment, to the custody of the Attorney General for hospitalization and treatment.

9.  On June 23, 2009, a final sentencing hearing on the revocation was held and the Court sentenced defendant to time served and placed him on supervised release for a period of 30 months.

10.  On April 20, 2010, the United States Probation Office submitted another petition for revocation of supervised release.

11.  On May 11, 2010, at a hearing before this court on defendant's supervised release revocation, the government made a motion, pursuant to 21 U.S.C. § 4241(a), for a competency evaluation of defendant.

12.  By written order on May 19, 2010, this Court found that there was reasonable cause to believe that defendant may be

suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, and therefore ordered a psychiatric examination and report.

    13.  On October 12, 2010, MDCLA issued a Forensic Evaluation Report pursuant to 18 U.S.C. § 4241 which included, among others, the following facts and medical opinions:

        a)  Defendant has a long history of mental illness and "is currently suffering from acute emotional or mental symptoms with the intensity and duration necessary to meet the DSM-IV-TR criteria for the Axis I diagnosable symptom disorder of Schizophrenia, Paranoid Type."

        b)  Defendant's "current symptoms of mental illness are so prominent that they have significantly interfered with his ability to understand the nature and consequences of the court proceedings against him, in addition to his ability to properly assist counsel in his defense."

        c)  Defendant "is clearly not able to ascertain reality, realistically appraise his behavior, or consistently converse in a logical and coherent manner, all of which would be necessary to some extent to properly assist counsel in a defense."

    14.  A preponderance of the evidence shows that defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

**ORDER**

Based on the foregoing, the defendant is hereby ORDERED committed to the custody of the Attorney General pursuant to 18 U.S.C. § 4241(d).  The Attorney General shall hospitalize the defendant for care or treatment in a suitable facility.

Pursuant to 18 U.S.C. § 4241(d), within a time period not to exceed four months, the director of the facility in which defendant is hospitalized must submit to the Court a report as to whether there is a substantial probability that in the foreseeable future, defendant will attain the capacity to permit the proceedings to go forward.

In the alternative, pursuant to 18 U.S.C. § 4241(e), if before four months, the director of the facility in which defendant is hospitalized determines that the defendant has recovered from his mental disease or defect to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly his defendant, he shall promptly file a certificate to the defendant's counsel and to the attorney for the Government.

IT IS SO ORDERED.

DATED: January 6, 2011            _____
                                  HONORABLE CHRISTINA A. SNYDER
                                  United States District Judge

Respectfully submitted by:

_____/s/_____
STEPHANIE S. CHRISTENSEN
Assistant United States Attorney

cc:  U.S. Marshal